**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARITZA JOSE B., | Case No. CV 25-7637-E |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| FRANK BISIGNANO, Commissioner of Social Security, | **AND ORDER OF REMAND** |
| Defendant. | |

**PROCEEDINGS**

Plaintiff filed a complaint on August 15, 2025, seeking review of the Commissioner's decision terminating Plaintiff's disability benefits. The parties consented to proceed before a United States Magistrate Judge in August of 2025. Plaintiff filed "Plaintiff's Brief" on November 13, 2025. Defendant filed "Defendant's Brief" on December 1, 2025. Plaintiff did not file a timely reply.

///

///

///

## BACKGROUND

Plaintiff previously was found disabled beginning in 2007 (Administrative Record ("A.R.") 21). In a decision dated October 3, 2017, an ALJ found that Plaintiff's disability had continued through at least that date (A.R. 181-95). The October 3, 2017 decision stated that Plaintiff's severe orthopedic and other physical problems continued to limit her capacity below a capacity necessary for substantial gainful activity (A.R. 189-95). The decision found, inter alia, that Plaintiff "requires a cane for walking over ten feet" (A.R. 190).

In a decision dated December 19, 2024, an ALJ found that, by September 30, 2023, Plaintiff's physical condition had improved to the point that Plaintiff could perform a limited range of light work, including jobs existing in significant numbers in the national economy (A.R. 22-32). The residual functional capacity defined by the ALJ did not include any need to use an assistive device to ambulate (A.R. 24). The ALJ discounted Plaintiff's subjective complaints regarding her allegedly disabling symptomatology (A.R. 25-28). On arguably conflicting medical opinion evidence, the ALJ found Plaintiff had no severe mental impairment (A.R. 23-24). The Appeals Council denied review (A.R. 1-3).

Herein, Plaintiff argues that the ALJ erred by: (1) discounting Plaintiff's subjective complaints; and (2) failing to find any severe mental impairment.

## STANDARD OF REVIEW

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See

Carmickle v. Comm'r, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ.  But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence.  Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

## DISCUSSION

After consideration of the record as a whole, the Court has concluded that judgment should be entered in favor of Defendant and this action should be dismissed with prejudice.  The Administration's findings are supported by substantial evidence and are free from material[1] legal error.

///

///

---

[1]    The harmless error rule applies to the review of administrative decisions regarding disability.  See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

3

I. **The ALJ Did Not Materially Err by Discounting Plaintiff's Subjective Complaints.**

Plaintiff submitted written statements and gave oral testimony, claiming pain and other symptoms of a disabling and, indeed, incapacitating severity. For example, Plaintiff reported that "all body movements hurt" and that "stiffness and pain keep me from walking" (A.R. 484-488; see also A.R. 483-90). Plaintiff testified that she is unable to do any chores, that she cannot grip or make a fist with her right hand (although she had sought no specific treatment therefor), that she is always in pain and that she has worsening shaking and fatigue (A.R. 49-57). In defining Plaintiff's residual functional capacity, the ALJ discounted Plaintiff's subjective complaints regarding the severity of her allegedly disabling symptomatology (A.R. 24-28).

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, an ALJ finds that a claimant's medically determinable impairments reasonably could be expected to cause some degree of the pain and other symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by "specific, cogent" findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of "malingering").[2] An ALJ's credibility findings "must be

_____

[2]    In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g.,

4

sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also SSR 96-7p (explaining how to assess a claimant's credibility), superseded, SSR 16-3p (eff. Mar. 28, 2016).[3]

In discounting Plaintiff's subjective complaints, the ALJ correctly observed that the objective medical evidence suggested less severe symptomatology than Plaintiff claimed. The ALJ accurately indicated that medical reports reflected mostly mild or normal findings on examination and testing (A.R. 26). An ALJ permissibly may rely in part on a lack of supporting medical evidence in discounting a claimant's allegations of disabling symptomatology. See Burch v. Barnhart, 400 F.3d at 681 ("Although a lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider in his

Nerio Mejia v. O'Malley, 120 F.4th 1360, 1363 (9th Cir. 2024); Ferguson v. O'Malley, 95 F.4th 1194, 1197-98 (9th Cir. 2024); Glanden v. Kijakazi, 86 F.4th 838, 846 (9th Cir. 2023); Smartt v. Kijakazi, 53 F.4th 489, 497 (9th Cir. 2022) ("Smartt"); Leon v. Berryhill, 880 F.3d 1041, 1046 (9th Cir. 2017); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In Ahearn v. Saul, 988 F.3d 1111, 1116 (9th Cir. 2021), the Ninth Circuit appeared to apply both the "specific, cogent" standard and the "clear and convincing" standard. In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

[3] Social Security Rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990). The appropriate analysis under the superseding SSR is substantially the same as the analysis under the superseded SSR. See R.P. v. Colvin, 2016 WL 7042259, at *9 n.7 (E.D. Cal. Dec. 5, 2016) (stating that SSR 16-3p "implemented a change in diction rather than substance") (citations omitted); see also Trevizo v. Berryhill, 871 F.3d 664, 678 n.5 (9th Cir. 2017) (suggesting that SSR 16-3p "makes clear what our precedent already required").

[or her] credibility analysis."); Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (same).  Further, "[w]hen objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony."  Smartt, 53 F.4th at 498; see Carmickle v. Comm'r, 533 F.3d at 1161  ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony"); see also SSR 16-3p ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities. . .").

The ALJ also mentioned that Plaintiff's reports of her alleged limitations were not entirely consistent with the evidence of record (A.R. 25-26).  Perhaps most dramatically, Plaintiff reported both that she did, and that she did not, use a cane in 2023 (compare A.R. 489 with A.R. 49).  "An ALJ may consider inconsistent statements by a claimant in assessing her credibility."  Papa v. Berryhill, 872 F.3d 901, 906-07 (9th Cir. 2017); see Khanishian v. Astrue, 238 Fed. App'x 250, 252 (9th Cir. 2007); Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006); see also Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ also noted that Plaintiff's allegations of severe limitations in walking were inconsistent with the observations of an examining physician (A.R. 26; see A.R. 927 (Dr. Wen's description of Plaintiff as "fully ambulatory.  She is able to ambulate without any assistive devices")).  A disparity between a claimant's claimed incapacity and the observations of an examiner properly may undercut a claimant's credibility.  See, e.g., Copeland v. Bowen, 861 F.2d 536, 541 (9th Cir. 1988).

///

///

6

Additionally, the ALJ emphasized the relatively conservative nature of Plaintiff's treatment over the years, as well as her declination of suggested surgery (A.R. 25-26).  An ALJ properly may rely on a limited or conservative course of treatment to justify the discounting of a claimant's subjective complaints.  See, e.g., Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (citation omitted); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (in assessing the credibility of a claimant's pain testimony, the Administration properly may consider the claimant's "minimal conservative treatment" and the treating physician's failure to prescribe (and the claimant's failure to request) medical treatment commensurate with "supposedly excruciating pain") (citing Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc)); Matthews v. Shalala, 10 F.3d 678, 679-80 (9th Cir. 1993) (permissible credibility factors in assessing pain testimony include limited treatment and minimal use of medications).

To the extent one or more of the ALJ's stated reasons for discounting Plaintiff's subjective complaints were erroneous, any error was harmless.  See Carmickle v. Comm'r, 533 F.3d at 1162-63 (notwithstanding the invalidity of one or more of an ALJ's stated reasons for discounting a plaintiff's subjective symptomatology, a court may uphold an ALJ's credibility determination where sufficient valid reasons have been stated).

In the present case, the ALJ stated sufficient valid reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds.  See Moisa v. Barnhart, 367 F.3d at 885.  The Court therefore defers to the ALJ's credibility determination.  See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination

when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir. 1995).[4]

## II.   The ALJ Did Not Materially Err in Failing to Find a Severe Mental Impairment.

In rejecting the suggestion Plaintiff has a severe mental impairment, the ALJ relied principally on the medical opinions of Dr. Melody Samuelson, an examining psychologist, and Dr. Richard Milan, a state agency psychologist (A.R. 28-31). Dr. Samuelson opined that Plaintiff has no impairment in mental functioning, and Dr. Milan opined that Plaintiff has no severe mental impairment (A.R. 867-71, 224). Plaintiff touts the arguably conflicting medical opinion of Dr. Johnny H. Wen, who diagnosed the existence of certain mental conditions (A.R. 926-42).

After March 27, 2017, new regulations govern the evaluation of medical opinion evidence. Under these regulations, ALJs no longer "weigh" medical opinions; rather, ALJs determine which opinions are the most "persuasive" by focusing on several factors: (1) supportability; (2) consistency; (3) relationship with the claimant (including the length of treatment, frequency of examinations, purpose of treatment, extent of treatment, whether the medical source examined the claimant); (4) the medical source's specialty; and (5) "other" factors. See 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). The two most important factors in determining the persuasiveness of medical opinions are supportability

---

[4]    The Court should not and does not determine the credibility of Plaintiff's testimony and statements concerning her subjective symptomatology. Absent legal error, it is for the Administration, and not this Court, to do so. See Magallanes v. Bowen, 881 F.2d 747, 750, 755–56 (9th Cir. 1989).

and consistency with the evidence.  See 20 C.F.R. §§ 404.1520c(a), 416.920c(a). ALJs must explain how they considered the factors of supportability and consistency, but need not explain how they considered any other factor.  See 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Supportability means the extent to which a medical source supports the medical opinion by explaining the "relevant . . . objective medical evidence." Consistency means the extent to which a medical opinion is "consistent . . . with the evidence from other medical sources and nonmedical sources in the claim." Woods v. Kijakazi, 32 F.4th 785, 791-92 (9th Cir. 2022) (internal citations omitted; citing 20 C.F.R. § 404.1520c(c)(1), (2)).

The ALJ followed these new regulations in making the required findings based on the available record, and substantial evidence supports the ALJ's conclusion that Plaintiff is not disabled.  The ALJ found persuasive the opinions of Drs. Samuelson and Milan as supported by specific findings and mental status examinations, and as consistent with those findings, as well as with the record of Plaintiff's conservative and routine treatment (A.R. 28-31).

The ALJ acknowledged the diagnoses of Dr. Wen, but noted Plaintiff's typically normal mental status examinations and Plaintiff's conservative and routine treatment (A.R. 29).  The ALJ also observed that Dr. Wen's diagnoses were "based on the claimant's reports" (A.R. 29).  A physician's reliance upon the properly discounted subjective complaints of a claimant can suffice to reject the opinion of the physician.  See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1041 (2008); Bayliss v. Barnhart, 427 F.3d 1121, 1216 (9th Cir. 2005); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  It is also significant that Dr. Wen did not render any specific opinions concerning the functional impact of the diagnosed

conditions on Plaintiff's ability to work.

Plaintiff appears to invite this Court to reweigh the evidence that was before the ALJ.  The Court must decline any such invitation.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  Burch v. Barnhart, 400 F.3d at 679; see also Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") (citation and internal quotation marks omitted).  The Court will uphold the ALJ's rational interpretation of the arguably conflicting evidence in this case.

**CONCLUSION**

For all of the foregoing reasons,[5] judgment shall be entered in favor of the Defendant and the action shall be dismissed with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:     February 10, 2026

_____
                    CHARLES F. EICK
          UNITED STATES MAGISTRATE JUDGE

---

[5]     Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration.  See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011).